# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONALD R. MAYES, JR., | No. 4:20-CV-00499 |
| Plaintiff, | (Judge Brann) |
| v. | |
| GABRIEL CAMPANA, DAMON HAGAN, WILLIAM E. NICHOLS, JR., and THE CITY OF WILLIAMSPORT, | |
| Defendants. | |

## MEMORANDUM OPINION

### SEPTEMBER 24, 2020

## I.     BACKGROUND

On March 27, 2020, Plaintiff, Donald R. Mayes, Jr. (hereinafter "Plaintiff"), filed a one-count complaint against Defendants, Gabriel Campana, Damon Hagan, William E. Nichols, Jr., and the City of Williamsport, Pennsylvania (hereinafter "Defendants"). Bringing his claim under 42 U.S.C. § 1983, Plaintiff alleges that Defendants have retaliated against him, in violation of the First Amendment of the United States Constitution.[1]

---

[1] The Court notes that three complaints were filed in the Middle District of Pennsylvania by Plaintiff's counsel, James L. Best, Esq., within two weeks of one another. The three cases involve similar claims against a similar (though not identical) group of Defendants. A comparison of both the pleadings and briefings filed by the parties serves to highlight the similarities among the three litigations. *See Miller v. Campana et al.*, 4:20-cv-00485 (filed March 25, 2020) *and Reeder v. Hagan et al.*, 4:20-cv-00591 (filed April 7, 2020).

On May 27, 2020, Defendants filed a motion to dismiss. Defendants argue that Plaintiff's complaint violates Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 8's requirements that a complaint contain a "short and plain statement" of the claim and be "simple, concise, and direct." Defendants further move to dismiss the complaint on its merits under Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

The motion is now ripe for disposition; for the reasons that follow, Defendants' motion to dismiss is granted. The Court finds that the complaint, as drafted, satisfies neither Fed. R. Civ. P. 8 nor 12(b)(6). However, Plaintiff will be provided leave to amend the complaint.

## II.   DISCUSSION

### A.   The Complaint Violates Federal Rule of Civil Procedure 8

Fed. R. Civ. P. 8 requires a "short and plain statement of the claim showing that the pleader is entitled to relief."[2] Furthermore, the rule requires that each allegation be "simple, concise, and direct."[3] "Taken together, Rules 8(a) and 8(d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules."[4] While no technical form is required, "our court of appeals has repeatedly affirmed district courts' dismissal of overly verbose, unintelligible complaints in violation of Rule 8."[5]

---

2   Fed. R. Civ. P. 8(a)(2).
3   Fed. R. Civ. P. 8(d)(1).
4   *Itiowe v. United States Government*, 650 Fed.Appx. 100, 103 (3d Cir. 2016).
5   *Tarapchak v. Lackawanna County*, 173 F.Supp.3d 57, 71 (M.D. Pa. 2016)

Plaintiff's complaint, while only a few pages, is comprised of long, unintelligible, oftentimes rambling passages that do little to elucidate which facts are relevant to Plaintiff's cause of action. While the Court is sympathetic to the fact that background information is often necessary to provide context for a claim, a number of statements made in the complaint concern individuals and entities who are not party to this litigation, without clearly connecting them to the issues. As Plaintiff has noted that he is willing to amend the complaint,[6] the Court asks that he do so. Defendants' motion to dismiss under Fed. R. Civ. P. 8 is granted. Because the Court is directing Plaintiff to amend the complaint, Defendants' motion to strike is denied as moot.[7]

Plaintiff is advised, however, that simply shortening paragraphs as he proposes is unlikely to bring the complaint within the bounds of Rule 8. The Court suggests that Plaintiff examine the allegations in the complaint to ensure that they are all directly relevant to the claim he seeks to advance.[8] Finally, the Court notes that it appears that at least some of the complaint was written directly by Plaintiff

---

[6] Doc. 12 at 5.
[7] Defendants may revisit this issue after reviewing Plaintiff's amended complaint. Plaintiff should pay special attention in considering whether to include those allegations in the amended complaint, as it appears Defendants would likely object again.
[8] Plaintiff is also asked to review the Middle District of Pennsylvania Local Rules to ensure his complaint complies.

himself, rather than by counsel.[9]  Counsel should take care to ensure that does not happen in this next iteration of the complaint.

### B. The Complaint Does Not Survive A Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(6)

#### 1. Motion to Dismiss Standard

Although the Court independently finds that the complaint does not satisfy Fed. R. Civ. P. 8, and therefore dismisses the complaint, the Court briefly considers whether the complaint satisfies Fed. R. Civ. P. 12.[10]  Under Fed. R. Civ. P. 12(b)(6), the Court dismisses a complaint, in whole or in part, if the plaintiff has failed to "state a claim upon which relief can be granted." A motion to dismiss "tests the legal sufficiency of a pleading"[11] and "streamlines litigation by dispensing with needless discovery and factfinding."[12] "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law."[13] This is true of any claim, "without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one."[14]

---

[9] *See, e.g.*, Doc. 1 ¶ 36.  This paragraph seems to be written in the first person, suggesting Plaintiff wrote it.
[10] The Court provides this information in the hopes that, once Plaintiff has amended the complaint, the Court will be able to resolve this matter exclusively on the merits without the need for a third round of pleadings and briefings.
[11] *Richardson v. Bledsoe*, 829 F.3d 273, 289 n.13 (3d Cir. 2016) (Smith, C.J.) (*citing Szabo v. Bridgeport Machines, Inc.,* 249 F.3d 672, 675 (7th Cir. 2001) (Easterbrook, J.).
[12] *Neitzke v. Williams,* 490 U.S. 319, 326–27 (1989).
[13] *Neitzke*, 490 U.S. at 326 (*citing Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984)).
[14] *Neitzke*, 490 U.S. at 327.

Following the Roberts Court's "civil procedure revival,"[15] the landmark decisions of *Bell Atlantic Corporation v. Twombly*[16] and *Ashcroft v. Iqbal*[17] tightened the standard that district courts must apply to 12(b)(6) motions.[18] These cases "retired" the lenient "no-set-of-facts test" set forth in *Conley v. Gibson* and replaced it with a more exacting "plausibility" standard.[19]

Accordingly, after *Twombly* and *Iqbal*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[20] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[21] "Although the plausibility standard does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully."[22] Moreover, "[a]sking for plausible grounds . . . calls for enough facts

---

[15] Howard M. Wasserman, THE ROBERTS COURT AND THE CIVIL PROCEDURE REVIVAL, 31 Rev. Litig. 313, 316, 319-20 (2012).
[16] 550 U.S. 544 (2007).
[17] 556 U.S. 662, 678 (2009).
[18] *Iqbal*, 556 U.S. at 670 (*citing Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)) ("[a]cknowledging that *Twombly* retired the *Conley* no-set-of-facts test").
[19] *Iqbal*, 556 U.S. at 670 (*citing Conley v. Gibson*, 355 U.S. 41 (1957)) ("[a]cknowledging that *Twombly* retired the *Conley* no-set-of-facts test").
[20] *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).
[21] *Iqbal*, 556 U.S. at 678.
[22] *Connelly v. Lane Const. Corp.*, 809 F.3d 780 (3d Cir. 2016) (Jordan, J.) (internal quotations and citations omitted).

to raise a reasonable expectation that discovery will reveal evidence of [wrongdoing]."[23]

The plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[24] No matter the context, however, "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"[25]

When disposing of a motion to dismiss, the Court "accept[s] as true all factual allegations in the complaint and draw[s] all inferences from the facts alleged in the light most favorable to [the plaintiff]."[26] However, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions."[27] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[28]

As a matter of procedure, the United States Court of Appeals for the Third Circuit has instructed that:

> Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps. First, it must tak[e] note of the elements [the] plaintiff must plead to state a

---

[23] *Twombly*, 550 U.S. at 556.
[24] *Iqbal*, 556 U.S. at 679.
[25] *Iqbal*, 556 U.S. at 678 (*quoting Twombly*, 550 U.S. at 557 (internal quotations omitted)).
[26] *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008) (Nygaard, J.).
[27] *Iqbal*, 556 U.S. at 678 (internal citations omitted); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (Nygaard, J.) ("After *Iqbal*, it is clear that conclusory or 'bare-bones' allegations will no longer survive a motion to dismiss.").
[28] *Iqbal*, 556 U.S. at 678.

claim. Second, it should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, [w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.[29]

### 2. Facts Alleged in the Complaint

The facts alleged in the complaint, which I must accept as true for the purposes of this motion, are as follows.

Plaintiff was an officer with the Williamsport Bureau of Police ("WBP") until March 2019.[30] He served in a number of positions throughout his tenure with the WBP.[31] In April 2016, one of the Defendants, Gabriel Campana (the then-mayor of Williamsport) hired David Young as the new chief of the WBP.[32] Chief Young was "provided with . . . the mission to improve professionalism, enhance systems, improve efficiency, reduce fraud, waste, and abuse, and overhaul overall operations to make the department compliant and up to date with guidelines, standards, policies and procedures of the WBP, which was riven with politics, favoritism, inefficiency, poor management, and waste of public funds."[33] In October 2016, Chief Young promoted Plaintiff to Captain of Investigations and Special Services.[34] As part of his "duty as police administrator[]," Plaintiff "identified numerous areas of significant concern" and frequently voiced his

---

[29] *Connelly*, 809 F.3d at 787 (internal quotations and citations omitted).
[30] Doc. 1 at ¶ 6.
[31] *Id.* at ¶ 7.
[32] *Id.* at ¶ 13.
[33] *Id.*
[34] *Id.* at ¶ 14.

concerns "to a variety of City officials."[35] Defendant Campana, the City Council, and Chief Young "requested and directed" Plaintiff to "implement supervision and controls to address inefficiency, fraud, waste, and abuse, and to cut overall department expenses."[36] Plaintiff was apparently "lauded" by Defendant Campana and the City Council members for his "effective, proactive efforts, and continued progress in the reform of the WBP."[37]

According to Plaintiff, however, not everyone was pleased with Chief Young's police administration and its attempts to "revamp the WBP."[38] Lawsuits, Equal Employment Opportunity Commission complaints, and other grievances ensued.[39] Plaintiff alleges that at some point, the police administration's relationship with Defendant Campana deteriorated.[40] Thereafter, Plaintiff alleges that Chief Young announced his resignation from the WBP, and that Defendant Campana issued a press release which "indicated that he was appointing . . . [Plaintiff] as the Assistant Chief of Police."[41] Plaintiff claims that Defendant Campana eventually reneged on his offer to appoint Plaintiff, and instead appointed another individual to that post.[42] Plaintiff alleges that he was

---

[35] *Id*. at ¶¶ 17-18.
[36] *Id*. at ¶ 20.
[37] *Id*. at ¶ 23.
[38] *Id*. at ¶ 25.
[39] *Id*.
[40] *Id.* at ¶¶ 25-26.
[41] *Id*. at ¶¶ 27-28.
[42] *Id*. at ¶ 37.

subsequently subject to harassment, disparity of treatment, and retaliation. Plaintiff resigned in March 2019, and asserts this resignation was a constructive discharge.[43]

### 3. Analysis

Although "public employees do not surrender all their First Amendment rights by reason of their employment"[44] the United States Supreme Court has noted the need to strike a "careful balance 'between the interests of the [employee], as a citizen, in commenting upon matters of public concern[,] and the interest of the State, as an employer, in promoting the efficiency of the public services it performs through its employees.'"[45]  In order to establish a First Amendment retaliation claim, "a public employee must show that (1) his [activity] is protected by the First Amendment and (2) the [activity] was a substantial or motivating factor in the alleged retaliatory action, which, if both are proved, shifts the burden to the employer to prove that (3) the same action would have been taken even if the [activity] had not occurred."[46]  The first element is a question of law, while the second and third are questions of fact.[47]

---

[43] *Id*. at ¶¶ 39-43.
[44] *Garcetti v. Ceballos*, 547 U.S. 410, 417 (2006); *see also Rankin v. McPherson*, 483 U.S. 378, 383 (1987) ("[A] State may not discharge an employee on a basis that infringes that employee's constitutionally protected interest in freedom of speech.").
[45] *Lane v. Franks*, 573 U.S. 228, 236 (2014) (first alteration in original) (quoting *Pickering v. Bd. Of Ed.*, 391 U.S. 563, 568 (1968).
[46] *Falco v. Zimmer*, 767 Fed.Appx.288, 299 (3d Cir. 2019); *see also Dougherty v. School Dist. of Philadelphia*, 772 F.3d 979, 986 (3d Cir. 2014).
[47] *Dougherty v. School Dist. of Philadelphia*, 772 F.3d 979, 987 (3d Cir. 2014) (citing *Gorum v. Sessoms*, 561 F.3d 179, 184 (3d. Cir. 2009)).

"A public employee's statement is protected activity when (1) in making it, the employee spoke as a citizen, (2) the statement involved a matter of public concern, and (3) the government employer did not have an adequate justification for treating the employee differently from any other member of the general public as a result of the statement he made."[48]  Accordingly, the first question for this Court is whether Plaintiff's statements were made in his role as an employee, or his role as a citizen.  If Plaintiff spoke as an employee, his First Amendment claim is dead on arrival.[49]

Here, Plaintiff clearly alleges that he "engaged in protected activity in that he engaged in free speech activities which raised concerns of corruption, <u>fraud, waste, abuse and mismanagement</u>" within the WBP.[50]  It is equally clear from the complaint that this is what Plaintiff was hired to do.  Plaintiff pleads that "[a]s part of [his] duty as police administrator[], [Plaintiff] identified numerous areas of significant concern regarding identified <u>fraud, waste, abuse, mismanagement</u> . . ."[51]  Plaintiff's contention that he was "speaking out as a citizen on these matters"[52] is contradicted by his own complaint.  "When public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First

---

[48] *Hill v. Burough of Kutztown*, 455 F.3d 225 (3d Cir. 2006) (internal quotation marks omitted) (quoting *Garcetti v. Ceballos*, 547 U.S. 410, 418 (2006)).
[49] *Garcetti v. Ceballos*, 547 U.S. 410 (2006).
[50] Doc. 1 ¶ 48 (emphasis added).
[51] Doc. 1 ¶ 18 (emphasis added).  *See also* ¶¶ 20, 23.
[52] Doc. 12 at 7.

Amendment purposes, and the Constitution does not insulate their communications from employer discipline."[53] Based on the complaint, I find that because Plaintiff's alleged speech was made pursuant to his duties as an employee, it is not protected speech.[54] Therefore, Plaintiff's First Amendment claim fails. Having found that the complaint does not allege that Plaintiff engaged in protected speech, the Court does not consider the additional requirements for a First Amendment retaliation claim.

Plaintiff further argues, in opposition to Defendants' motion, that the City of Williamsport is liable under a *Monell* theory. It is not clear from the face of the complaint that this was pled, but the Court considers and dismisses this claim as well. Under *Monell v. Department of Social Servs.*,[55] a municipality may be held liable for a violation of § 1983, but only "where it has in place a policy or custom that led to the violation."[56] The burden is on Plaintiff to identify such a policy or custom.[57] First, Plaintiff has failed to allege a violation of his First Amendment rights. "Absent an underlying constitutional violation by an agent of the

---

[53] *Garcetti*, 547 U.S. at 421 (2006).
[54] In February 2020, the Honorable Malachy E. Mannion of this Court dismissed § 1983 First Amendment retaliation claims from police officers who allegedly spoke out about improprieties in their police department, because the officers were speaking as employees, rather than as citizens. While not necessarily binding on me, I find this opinion thorough and persuasive. In subsequent briefing, the parties should consider whether this case is distinguishable from *Lahovski v. Rush Tp.*, or whether the same result is dictated by the law. 441 F.Supp.3d 43.
[55] 436 U.S. 658 (1978).
[56] *Lahovski*, 441 F.Supp.3d at 60 (M.D. Pa. 2020).
[57] *Baloga v. Pittston Area School District*, 927 F.3d 742, 761 (3d Cir. 2019).

municipality, however, the municipality itself may not be held liable under § 1983."[58]

Even if he had alleged an injury, however, Plaintiff's argument that there was a "failure to have effective policies and customs to protect whistle blowers"[59] does not, without more, establish the existence of a policy or custom, as defined in our case law.[60] While "the absence of a policy may provide the basis for a *Monell* claim if sufficiently pled,"[61] Plaintiff has not yet met that bar. Furthermore, it is unclear from the complaint how any theoretical policy (or lack thereof) led to retaliation against Plaintiff.[62] Having failed to point to any policy or custom that led to a violation of Plaintiff's First Amendment rights, any claim against the City of Williamsport also fails.

## III.   CONCLUSION

Defendants' Motion to Dismiss is granted. Defendants' Motion to Strike is denied as moot. Plaintiff is granted leave to amend. Plaintiff will be given twenty-one days from today's date to file an amended complaint.[63] If no amended

---

[58] *Mills v. City of Harrisburg*, 350 Fed.Appx 770, 773 n.2 (3d Cir. 2009); *see also Southerton v. Borough of Honesdale*, 2018 WL 5810269 at *7 (M.D. Pa. Nov. 6, 2018) (Caputo, J.).
[59] Doc. 12 at 11.
[60] *Baloga*, 927 F.3d at 761 (3d Cir. 2019).
[61] *Moy v. DeParlos*, 2019 WL 4221072 at *5 (M.D. Pa. Sept. 5, 2019) (Conner, J.).
[62] *Moeck v. Pleasant Valley School District*, 983 F.Supp.2d 516, 524 ("Municipal liability only attaches when a plaintiff demonstrates that an official policy or custom <u>caused</u> the asserted constitutional deprivation.") (emphasis added).
[63] Ordinarily, the Court would allow Plaintiff fourteen days to amend the complaint. The Court is mindful, however, that Plaintiff's attorney, Mr. Best, is being asked to amend three complaints today.

- 13 -

complaint is filed, the action will be summarily dismissed pursuant to Federal Rule of Civil Procedure 41(b).

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge